

**ORDERED in the Southern District of Florida on February 25, 2014.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                              Case No.: 14-11262-BKC-PGH
                                                                    Chapter 7 proceeding
T3 VISTAS, LLC

    Debtor.
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE EMPLOYMENT OF SPECIAL COUNSEL TO HANDLE A POTENTIAL COUNTERCLAIM/BREACH OF CONTRACT CAUSE OF ACTION HELD BY THE ESTATE

THIS MATTER came before the Court in West Palm Beach, Florida on the 25th day of February 2014 pursuant to Trustee's Motion to Approve Employment of Special Counsel to Handle a Potential Counterclaim/Breach of Contract Cause of Action Held by the Estate ("Motion") [ECF#19], the Court having heard argument of counsel, and upon the representations that Brian Keane and the law firm of Kaplan/Bond Group, hold no interest adverse to the estate in the matters upon which they are engaged, that Brian Keane and the law firm of Kaplan/Bond Group, are disinterested persons as required by U.S.C. § 327(a) and have disclosed any connections with parties as set forth in FRBP 2014, and that their employment is necessary and would be in the best interests of the estate, it is

17219856.1

ORDERED AND ADJUDGED as follows:

1. The Trustee's Motion to Approve Employment of Special Counsel is granted.

2. The Trustee is authorized to employ Brian Keane and the law firm of Kaplan/Bond Group as special counsel to handle a potential counterclaim/breach of contract cause of action held by the estate, upon the terms and conditions set forth in the Trustee's Motion to Approve Employment of Special Counsel.

3. The employment Brian Keane and the law firm of Kaplan/Bond Group as special counsel is subject to the provisions of 11 U.S.C. § 328 and review by this Court. All compensation is subject to review by the Court and must be approved by the Court. Special counsel is further notified, pursuant to this Order, that any settlement must be noticed to all creditors and must be approved by the Court and the Trustee before it shall become effective. Further, any funds obtained from the suit or settlement must be distributed by the Trustee.

4. The total terms of employment are 33-1/3% of any recovery and are consistent with the Florida Bar guidelines.

###

Submitted by:
Michael R. Bakst, Esq.
250 S. Australian Ave., Suite 700
West Palm Beach FL 33401
561-838-4523
michael.bakst@gmlaw.com

**Michael R. Bakst is directed to serve copies of this order on the parties listed below and file a certificate of service with the Court.**

**By regular U.S. Mail to:**
Brian Keane, Esq., The Kaplan/Bond Group, 88 Black Falcon Ave., Suite 301, Boston MA 02210

**Electronic Mail Notice List**
Geoffrey D Ittleman    geoffrey@ittlemanlaw.com
Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
John E Page    jpage@sfl-pa.com, scusack@sfl-pa.com;lrosetto@sfl-pa.com

140225/dlc
29511.0236

17219856.1